ANDRES & BERGER, P.C.
264 Kings Highway East
Haddonfield, NJ   08033
(856) 795-1444
Attorneys for plaintiffs
MB 6260

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALLYSON SEXTON, general administratrix and administratrix ad prosequendum of the Estate of BRETT J. SEXTON, and ALLYSON SEXTON, individually, | : Civil Action no. |
| | : |
| | :     Civil Action |
| | : |
| | :   COMPLAINT AND DEMAND |
|     Plaintiffs, | :     FOR JURY TRIAL |
| | : |
| v. | : |
| | : |
| ANTHONY J. RIZZETTA D.O.; JOEL S. STEINBERG M.D.; LEAH LOMBARDO R.N.; JESSICA PARSONS, NURSING ASSISTANT/ NURSE AIDE; KRISTINA RATTI R.N.; SHEILA PHILLIPS R.N.; PATRICIA ZAFFERI R.N.; KEITH NEILSON; SHANE SHAW; KURT YOUNG; CAPE HOSPITALIST GROUP; CAPE REGIONAL MEDICAL CENTER; JOHN DOE #1-15 (fictitious); JANE ROE #1-15 (fictitious); and JOHN DOE EMPLOYERS #1-15 (fictitious), individually, jointly, severally, and/or in the alternative, | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
|     Defendants. | |

Plaintiff Allyson Sexton, general administratrix and administratrix *ad prosequendum* of the Estate of Brett J. Sexton, and Allyson Sexton, individually, residing at 2648 Ashmill Road, Doylestown, Pennsylvania, by way of complaint against defendants, says:

JURISDICTION

1.  At all times relevant hereto, plaintiff Allyson Sexton, general administratrix and administratrix *ad prosequendum* of the Estate of Brett J. Sexton, and Allyson Sexton, individually, was a resident and citizen of the Commonwealth of Pennsylvania and the surviving spouse of plaintiff's decedent Brett J. Sexton.

2.  At all times relevant hereto, defendant Anthony J. Rizzetta D.O. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at Cape Hospitalist Group, Cape Regional Medical Center, 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.

3.  At all times relevant hereto, defendant Joel S. Steinberg M.D. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at 113 North Frontenac Avenue, Margate City, New Jersey.

4.  At all times relevant hereto, defendant Leah Lombardo R.N. was licensed to practice nursing in the State of

New Jersey, employed at Cape Regional Medical Center, 2 Stone
Harbor Boulevard, Cape May Court House, New Jersey.

     5. At all times relevant hereto, defendant Jessica
Parsons was a licensed nursing assistant/nurse aide in the State
of New Jersey, employed at Cape Regional Medical Center, 2 Stone
Harbor Boulevard, Cape May Court House, New Jersey.

     6. At all times relevant hereto, defendant Kristina
Ratti R.N. was licensed to practice nursing in the State of New
Jersey, employed at Cape Regional Medical Center, 2 Stone Harbor
Boulevard, Cape May Court House, New Jersey.

     7. At all times relevant hereto, defendant Sheila
Phillips R.N. was licensed to practice nursing in the State of
New Jersey, employed at Cape Regional Medical Center, 2 Stone
Harbor Boulevard, Cape May Court House, New Jersey.

     8. At all times relevant hereto, defendant Patricia
Zafferi R.N. was licensed to practice nursing in the State of New
Jersey, employed at Cape Regional Medical Center, 2 Stone Harbor
Boulevard, Cape May Court House, New Jersey.

     9. At all times relevant hereto, defendant Keith
Neilson was a member of the security staff of Cape Regional
Medical Center, 2 Stone Harbor Boulevard, Cape May Court House,
New Jersey.

     10. At all times relevant hereto, defendant Shane Shaw
was a member of the security staff of Cape Regional Medical

Center, 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.

11.  At all times relevant hereto, defendant Kurt Young was a member of the security staff of Cape Regional Medical Center, 2 Stone Harbor Boulevard, Cape May Court House, New Jersey.

12.  At all times material to this Complaint, defendant Cape Hospitalist Group was a professional association existing under and/or in accordance with the laws of the State of New Jersey which was the employer and/or principal of defendant Rizzetta and/or for whom defendant Rizzetta was acting as the agent, servant, and/or employee.

13.  At all times material to this Complaint, defendant Cape Regional Medical Center was a duly-licensed medical hospital in the State of New Jersey which provided medical and/or surgical services on an in-patient and/or out-patient and/or emergency basis with its principal place of business at 2 Stone Harbor Boulevard, Cape May Court House, New Jersey, which employed defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zafferi and/or Neilson and/or Shaw and/or Young and/or for whom defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zafferi and/or Neilson and/or Shaw

-4-

and/or Young were acting as the agents, servants, and/or employees.

14. At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other employees of defendant Cape Regional Medical Center, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

15. At all times material to this Complaint, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other employees of defendant Cape Regional Medical Center, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

16. At all times material to this Complaint, defendants John Doe Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole proprietorships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants and/or employees.

17. At all times material to this complaint, Brett J. Sexton was admitted to Cape Regional Medical Center under the care of the individuals identified in this complaint. He was admitted to this hospital for treatment of pancreatitis as well

as alcohol detoxification.  Despite an inquiry by Mrs. Sexton about transfer to a Pennsylvania hospital, she was given assurances that her husband should remain at Cape Regional Medical Center for treatment because treatment there was equal to that of any hospital in Pennsylvania.

18.   Defendants' treatment failed to prevent delirium tremons from developing.  Once Mr. Sexton began to experience the symptoms of delirium tremons, defendants failed to properly treat, monitor, and/or supervise Mr. Sexton's illness.

19.   On or about July 15, 2015, Brett J. Sexton became disoriented and struggled with some and/or all of the defendants. At that time and place, Mr. Sexton was physically restrained and medicated without proper monitoring.  As a result of defendants' negligence and carelessness, Brett J. Sexton was allowed to become non-responsive.  All efforts to resuscitate him were unsuccessful as it was too late.

20.   Jurisdiction is vested in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Section 1332 as there is complete diversity between plaintiff and all defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

VENUE

Venue is properly laid because the acts and omissions herein complained of occurred in this judicial district.

-6-

### FIRST COUNT

1.   Plaintiff Allyson Sexton, general administratrix and administratrix *ad prosequendum* of the Estate of Brett J. Sexton, and Allyson Sexton, individually, is the surviving spouse of plaintiff's decedent Brett J. Sexton and has no adverse interest whatsoever to the within action.

2.   On July 15, 2013, plaintiff's decedent Brett J. Sexton died as a result of the medical care and/or treatment provided by the aforementioned defendants, which care and/or treatment failed to comply with the applicable standards of care.

3.   This action is commenced within two years of the date of death of plaintiff's decedent Brett J. Sexton.

WHEREFORE, plaintiff demands judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zafferi R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group; Cape Regional Medical Center; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq*. (or any successor statute) and/or other damages recoverable under the laws of this state together

with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>SECOND COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.    On July 12, 2013, and thereafter, defendant Anthony J. Rizzetta D.O. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.    At the time and place aforesaid and at all times material hereto, defendant Anthony J. Rizzetta D.O. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.    As a direct and proximate result of the negligence of defendant Anthony J. Rizzetta D.O., plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Anthony J. Rizzetta D.O. for pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

-8-

<u>THIRD COUNT</u>

      Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

      1.  On July 12, 2013, and thereafter, defendant Joel S. Steinberg M.D. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

      2.  At the time and place aforesaid and at all times material hereto, defendant Joel S. Steinberg M.D. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

      3.  As a direct and proximate result of the negligence of defendant Joel S. Steinberg M.D. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

      WHEREFORE, plaintiff demands judgment against defendant Joel S. Steinberg M.D. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## FOURTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Leah Lombardo R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Leah Lombardo R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Leah Lombardo R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Leah Lombardo R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## FIFTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  On July 12, 2013, and thereafter, defendant Jessica Parsons undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Jessica Parsons was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Jessica Parsons as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Jessica Parsons for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## SIXTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Kristina Ratti R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Kristina Ratti R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Kristina Ratti R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Kristina Ratti R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Sheila Phillips R.N. undertook and/or otherwise assisted in the

diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

     2.  At the time and place aforesaid and at all times material hereto, defendant Sheila Phillips R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

     3.  As a direct and proximate result of the negligence of defendant Sheila Phillips R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

     WHEREFORE, plaintiff demands judgment against defendant Sheila Phillips R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq*. (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

EIGHTH COUNT

     Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

     1.  On July 12, 2013, and thereafter, defendant Patricia Zafferi R.N. undertook and/or otherwise assisted in the

-13-

diagnosis and/or treatment and/or care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Patricia Zafferi R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Patricia Zafferi R.N. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Patricia Zafferi R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

NINTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Keith Neilson assisted in the care of plaintiff's decedent Brett J. Sexton.

-14-

2.   At the time and place aforesaid and at all times material hereto, defendant Keith Neilson was negligent in the care of plaintiff's decedent.

3.   As a direct and proximate result of the negligence of defendant Keith Neilson as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Keith Neilson for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>TENTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   On July 12, 2013, and thereafter, defendant Shane Shaw assisted in the care of plaintiff's decedent Brett J. Sexton.

2.   At the time and place aforesaid and at all times material hereto, defendant Shane Shaw was negligent in the care of plaintiff's decedent.

-15-

3.  As a direct and proximate result of the negligence of defendant Shane Shaw as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant Shane Shaw for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>ELEVENTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  On July 12, 2013, and thereafter, defendant Kurt Young assisted in the care of plaintiff's decedent Brett J. Sexton.

2.  At the time and place aforesaid and at all times material hereto, defendant Kurt Young was negligent in the care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendant Kurt Young as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

-16-

WHEREFORE, plaintiff demands judgment against defendant Kurt Young for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>TWELFTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants Rizzetta and/or John Does #1-15 and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant Cape Hospitalist Group.

2.  Defendant Cape Hospitalist Group is liable for the acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendant Cape Hospitalist Group for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the

laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

THIRTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   At the time and place aforesaid and at all times material hereto, defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zafferi and/or Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were medical providers and/or other employees of defendant Cape Regional Medical Center who rendered care and treatment to plaintiff at defendant Cape Regional Medical Center.

2.   Defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zafferi and/or Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting in their capacity as the agents, servants, and/or employees of defendant Cape Regional Medical Center.

3.   At all times material to this complaint, defendant Cape Regional Medical Center failed to properly train, supervise, evaluate, and/or monitor the care, skill, and knowledge of defendants Rizzetta and/or Steinberg and/or Lombardo and/or

Parsons and/or Ratti and/or Phillips and/or Zafferi and/or
Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or
Jane Roes #1-15 and/or each of them.  As such, defendant Cape
Regional Medical Center was negligent and failed to meet
appropriate standards of care.

4.  At all times material to this complaint, defendant
Cape Regional Medical Center was directly responsible for the
injuries to plaintiff based upon the doctrine of *respondeat*
*superior* or, in the alternative, the apparent authority of
defendants Rizzetta and/or Steinberg and/or Lombardo and/or
Parsons and/or Ratti and/or Phillips and/or Zafferi and/or
Neilson and/or Shaw and/or Young in the care of plaintiff and/or
was itself otherwise negligent.

5.  As a direct and proximate cause of defendants'
negligence, plaintiff was allowed to suffer permanent injuries
leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendant
Cape Regional Medical Center for plaintiff's pain, suffering, and
expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and
damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any
successor statute) and/or other damages recoverable under the
laws of this state together with interest, counsel fees, costs of
suit, and such other relief which the Court deems equitable and
just.

## FOURTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.  At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FIFTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.  At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to his death on July 15, 2013.

WHEREFORE, plaintiff demands judgment against defendants Jane Roes #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## SIXTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants Rizzetta and/or Steinberg and/or Lombardo and/or Parsons and/or Ratti and/or Phillips and/or Zafferi and/or Neilson and/or Shaw and/or Young and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant John Doe Employers #1-15 and/or each of them.

2. Defendants John Doe Employers #1-15 are liable for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior* and/or were themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendants John Doe Employers #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

SEVENTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, plaintiff Allyson Sexton was the wife of Brett J. Sexton and entitled to her husband's support, society, services, advice, counsel, guidance, and/or consortium.

2. As a direct and proximate result of the negligence of defendants and/or each of them as hereinbefore set forth, plaintiff Allyson Sexton has been deprived of her husband's support, society, services, advice, counsel, guidance, and/or consortium.

WHEREFORE, plaintiff demands judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zafferi R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group; Cape Regional Medical Center; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this

-23-

state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

EIGHTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At all times material hereto, Andrew Joseph Sexton, James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth Sexton, minors, were the natural children of Brett J. Sexton and entitled to their father's financial support, comfort, companionship, advice, counsel, consortium, and/or society.

2. As a direct and proximate result of the acts and/or omissions or defendants herein and/or each of them as hereinbefore set forth, decedent's minor children, Andrew Joseph Sexton, James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth Sexton have been deprived of their father's financial support, comfort, companionship, advice, counsel, consortium, and/or society.

WHEREFORE, decedent's minor children, Andrew Joseph Sexton, James Francis Sexton, Rebecca Anne Sexton, and Mallory Elizabeth Sexton, by and through their guardian *ad litem*, Allyson Sexton, demand judgment against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zafferi R.N.; Keith Neilson; Shane

Shaw; Kurt Young; Cape Hospitalist Group; Cape Regional Medical
Center; John Does #1-15 (fictitious names); Jane Roes #1-15
(fictitious names); and John Doe Employers #1-15 (fictitious
names), individually, jointly, severally, and/or in the alter-
native, for plaintiff's pain, suffering, and expenses under
*N.J.S.A.* 2A:15-3 (or any successor statute) and damages for
wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor
statute) and/or other damages recoverable under the laws of this
state together with interest, counsel fees, costs of suit, and
such other relief which the Court deems equitable and just.

NINETEENTH COUNT

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times
material hereto, defendants Anthony J. Rizzetta D.O.; Joel S.
Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing
assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.;
Patricia Zafferi R.N.; Keith Neilson; Shane Shaw; Kurt Young;
Cape Hospitalist Group; Cape Regional Medical Center; John Does
#1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and
John Doe Employers #1-15 (fictitious names), acted with delibe-
rate and/or reckless indifference, with callous disregard, and/or
in an arbitrary and/or abusive manner of wanton and/or willful

-25-

disregard for the rights and safety of plaintiff's decedent, Brett J. Sexton.

2. As a direct and proximate result of the deliberate and/or reckless indifference and/or callous disregard of defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zafferi R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group; Cape Regional Medical Center; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), plaintiff's decedent suffered and sustained death and other damages compensable under the laws of the State of New Jersey and was otherwise damaged in such a manner so as to require the imposition of punitive damages.

WHEREFORE, plaintiff demand judgments against defendants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide; Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zafferi R.N.; Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group; Cape Regional Medical Center; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names), individually, jointly, severally, and/or in

the alternative, for punitive damages as well as for pain,
suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor
statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1,
*et seq.* (or any successor statute) and/or other damages
recoverable under the laws of this state together with interest,
counsel fees, costs of suit, and such other relief which the
Court deems equitable and just.

<u>TWENTIENTH COUNT</u>

Plaintiff repeats and realleges each and every preced-
ing paragraph of this Complaint as if fully set forth herein.

WHEREFORE, plaintiffs demand judgment against defend-
ants Anthony J. Rizzetta D.O.; Joel S. Steinberg M.D.; Leah
Lombardo R.N.; Jessica Parsons, nursing assistant/nurse aide;
Kristina Ratti R.N.; Sheila Phillips R.N.; Patricia Zafferi R.N.;
Keith Neilson; Shane Shaw; Kurt Young; Cape Hospitalist Group;
Cape Regional Medical Center; John Does #1-15 (fictitious names);
Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15
(fictitious names), individually, jointly, severally, and/or in
the alternative, for plaintiff's pain, suffering, and expenses
under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for
wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor
statute) and/or other damages recoverable under the laws of this

-27-

state together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____
MICHAEL S. BERGER

PLEASE TAKE NOTICE that plaintiff demands trial by jury as to all issues pursuant to F.R.C.P. 38.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____
MICHAEL S. BERGER

## CERTIFICATION

In accordance with R.4:5-1, the undersigned hereby certifies that there are no other proceedings either pending or contemplated with respect to the matter in controversy and there are no additional known parties who should be joined to this action at this time.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By _____
MICHAEL S. BERGER

-28-

## DEMAND FOR DISCLOSURE OF NON-PARTIES

Please take notice that plaintiff hereby demands strict compliance with R.4:5-1(b)(2), which requires that "each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R.4:28 or who is subject to joinder pursuant to R.4:29-1(b) because of potential liability to any party on the basis of the same transactional facts."

Plaintiff hereby demands that defendants review all available records, undertake reasonable investigation, and determine the identity of any other individuals or entities who should be joined in this action pursuant to R.4:5-1(b)(2).

The failure to identify non-parties pursuant to this rule will result in an application for sanctions as well as for expenses incurred in connection with the discovery of individuals who should have been identified pursuant to the rule.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By
MICHAEL S. BERGER

PLEASE TAKE NOTICE that Michael S. Berger, Esquire, is hereby designated trial counsel on behalf of plaintiff in the above-entitled action pursuant to *R*.4:5-1(c).

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By _____
MICHAEL S. BERGER

## CERTIFICATION

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1.  I have read the content of the above pleading.

2.  To the best of my knowledge, information, and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-fath argument for the extension, modification, or reversal of existing law.

3.  It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By _____
MICHAEL S. BERGER

DATED: May 5, 2015

-30-