NOT FOR PUBLICATION (Doc. No. 10)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ALLYSON SEXTON, individually and on behalf of the Estate of BRETT J. SEXTON, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY J. RIZZETTA D.O. et al., <br><br> Defendants. | Civil No. 15-3181 (RBK/AMD) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion of Allyson Sexton, individually and as general administratrix and administratrix ad prosequendum of the Estate of Brett J. Sexton ("Plaintiffs"), to Vacate the Court's Order of July 15, 2015, dismissing this matter pursuant to Fed. R. Civ. P. 12(h)(3), pursuant to Fed. R. Civ. P. 60(b)(1). (Doc. No. 10.) For the reasons stated herein, Plaintiffs' Motion to Vacate will be **GRANTED**.

**I. BACKGROUND**

On May 5, 2015, Plaintiffs filed this wrongful death suit on behalf of Decedent, Brett J. Sexton, who died on July 15, 2013, while in the care of Defendants at the Cape May Regional Medical Center in Cape May, New Jersey. (Original Complaint ("Compl.") (Doc. No. 1), Jurisdiction ¶¶ 17-19.)

Plaintiffs alleged that jurisdiction in this case was proper under 28 U.S.C. § 1332. (See id., Jurisdiction ¶ 20.) After reviewing Plaintiffs' Original Complaint, the Court issued an Order

on May 7, 2015, outlining pleading deficiencies with respect to the citizenship of the parties. (Doc. No. 3.) The Original Complaint did not allege sufficient facts to establish that complete diversity of citizenship existed between the parties in order establish jurisdiction under § 1332. (Id.) Rather than dismiss the Original Complaint outright, the Court's Order of May 7, 2015, specifically identified the pleading deficiencies and directed Plaintiffs to file an Amended Complaint no later than May 21, 2015, or face dismissal of the Complaint for lack of subject-matter jurisdiction. (Id.)

On May 15, 2015, Plaintiffs filed the First Amended Complaint ("FAC"), again alleging that jurisdiction existed based on diversity of citizenship under § 1332. (FAC (Doc. No. 4), Jurisdiction ¶ 20.) However, upon review of the FAC the Court issued another Order on July 15, 2015, this time dismissing the FAC for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), as Plaintiffs had again failed to properly allege the citizenship of each party. (Doc. No. 9.)

On July 22, 2015, Plaintiffs filed the instant Motion to Vacate the Court's Order of July 15, 2015, pursuant to Fed. R. Civ. P. 60(b)(1). (Doc. No. 10.)

## II. DISCUSSION AND ANALYSIS

Plaintiffs argue that this Court's Order of Dismissal should be vacated under Federal Rule of Civil Procedure 60(b)(1), because its entry resulted from counsel's mistake and inadvertence, Defendants will not suffer any real prejudice, the delay as a result of counsel's mistake and inadvertence is minimal, and counsel did not act in bad faith. They claim their counsel intended to amend the citizenship allegations in the Original Complaint to comply with the Court's May 7, 2015, Order when the FAC was filed, but due to the mistake and inadvertence of counsel, the citizenship allegations were not adequate. (Pls.' Br. at 1-2.)

Rule 60(b)(1) allows a party to seek relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court finds that such an error falls within the category of "excusable neglect" as set forth in Rule 60(b)(1).

In determining whether an act constitutes "excusable neglect," it is established within the Third Circuit that a court must consider: "(1) prejudice to the adverse party; (2) length of the delay and its potential impact on the judicial proceeding; (3) reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith." See Fisco v. Lamplight Farms, Inc., Civ. No. 11–3855, 2013 WL 6253192, at *1 (D.N.J. Dec. 4, 2013) (quoting Murray v. Walgreen Co., 470 Fed. App'x 97, 98 (3d Cir. 2012)). However, a Court should not give "any one of these four factors dispositive weight." DeJesus v. Mohammad, Civ. No. 12–7007, 2013 WL 5963018, at *2 (D.N.J. Nov. 7, 2013) (citing George Harms Constr. Co., Inc. v. Chao, 371 F.3d 156 (3d Cir. 2004). In weighing these factors, "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993)).

The Court finds that the third factor outlined in Fisco weighs against relief, as there is little doubt that the cause for the delay was reasonably within Plaintiffs' control. As acknowledged by Plaintiffs, counsel was aware of the pleading deficiencies in the Original Complaint and set out to address them in the FAC. However, taking into account the other three factors, the Court finds that these weigh in favor of granting Plaintiffs' Motion to Vacate the Order of dismissal under Rule 60(b)(1).

First, there is little prejudice to Defendants since they have not filed an answer or any other pleadings in response to Plaintiffs' complaints at this time; thus there is "no apparent threat

of hardship" and "reinstatement of [Plaintiffs'] complaint will not impose any additional discovery-related burden on the opposing party since discovery has not commenced." DeJesus, 2013 WL 5963018, at *3.

Additionally, the Court finds that the length of the delay is insignificant, as Plaintiffs filed their FAC within the time set out by the Court in its May 7, 2015, Order to amend, and filed the present Motion to Vacate one week after the Court's July 15, 2015, Order of dismissal.

Lastly, there is no indication that Plaintiffs acted in bad faith. The Third Circuit has found that "a party acts in good faith where it acts with reasonable haste to investigate the problem and to take available steps toward remedy." Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P., 121 Fed. App'x 971, 976 (3d Cir. 2005) (citations omitted). As noted above, Plaintiffs filed their Motion Vacate within one week of the Court's July 15, 2015, Order, and included a proposed second amended complaint which addresses the Court's concerns over the allegations of citizenship in Plaintiffs' FAC. It appears that as soon as Plaintiffs recognized their mistake, they sought to correct it. The Court finds that this is indicative of good faith.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Vacate will be **GRANTED**. An appropriate Order shall issue today.


Dated:   7/28/2015                                          s/ Robert B. Kugler
                                                                                          ROBERT B. KUGLER
                                                                                          United States District Judge